# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CHERYL L. DRAGANI, | : |
| | : Case No. 2:19-CV-463 |
| Plaintiff, | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Vascura |
| COMMISSIONER OF | : |
| SOCIAL SECURITY, | : |
| | : |
| Defendant. | : |

## OPINION & ORDER

## I. INTRODUCTION

This matter is before the Court on Plaintiff's objections (ECF No. 21) to the Magistrate Judge's October 30, 2019 Report and Recommendation (ECF No. 20), recommending that this Court **AFFIRM** the Commissioner's decision. This Court **ADOPTS** the Report and Recommendation in its entirety based on an independent consideration of the analysis therein.

## II. BACKGROUND

Cheryl L. Dragani filed her current application for Supplemental Security Income on August 20, 2015, alleging that she has been disabled since August 4, 2014. (ECF No. 10 at 105–08). Her application was denied initially on November 17, 2015 and again upon reconsideration on March 9, 2016. (*Id.* at 109–111). Plaintiff then sought a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 112–13). The ALJ held two hearings, one on December 5, 2017 and another on May 24, 2018. (*Id.* at 47–73). At the December hearing, George W. Coleman III, a Vocational Expert ("VE"), appeared and testified. (*Id.* at 73–76; ECF No. 19 at 2–3). A different VE appeared at the May hearing but did not testify. (ECF No. 10 at 51). After the May hearing, Plaintiff,

1

through counsel, sent a letter to the ALJ objecting to VE Coleman's testimony. (*Id.* at 49–50). Plaintiff claimed that the VE mischaracterized the nature of her past work. (*Id.*). She requested a supplemental hearing where an alternative VE could testify. (*Id.*). The ALJ did not respond to Plaintiff's post-hearing objections and issued his nondisability finding on August 6, 2018, engaging in the required five-step sequential analysis.[1] (*Id.* at 36–42). At step one, the ALJ determined that Plaintiff did not engage in "substantial gainful activity" during the period where she claimed to be disabled. (*Id.* at 36). At step two, the ALJ determined that the claimant had two severe physical impairments: herniated disk in the cervical spine and bilateral carpal tunnel syndrome. (*Id.* at 36–37). At step three, he found that Plaintiff did not "have an impairment or combination of impairments that met or medically equaled… one of [those listed] in 20 CFR Part 404 . . ." (*Id.* at 38). At step four, the ALJ found, based on the VE's testimony, that Plaintiff was

---

[1] Although a dispositive finding at any step terminates the ALJ's review, see *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the five step sequential steps are as follows:

(i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . .

(iii) At the third step, we also consider the medial severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. . . .

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. § 404.1520(a)(4).

still able to perform her "past relevant work." (*Id.* at 38–42). The ALJ did not reach step five because he determined that Plaintiff was not disabled because she could perform her past relevant work. (*Id.* at 35–36). The Appeals Counsel denied review on December 14, 2018 and adopted the ALJ's decision as the final decision of the Commissioner. (ECF No. 10 at 5–8).

In her statement of errors, Plaintiff argued that the ALJ erred by determining that she could perform her past relevant work and was not disabled. (ECF No. 13 at 6). She argues that the ALJ was wrong to rely on the VE's testimony without first resolving what she alleges are inconsistencies between the VE's description of her work, the Dictionary of Occupational Titles (DOT), and the work that she actually performed. (*Id.* at 6–7). She argues that the ALJ's non-disability finding is reversible error. (*Id.* at 11).

In the Report and Recommendation, Judge Vascura determined that the ALJ did not commit reversible error in determining that Plaintiff could return to her prior work and recommended that the Commissioner's decision be affirmed. (ECF No. 20 at 9). Plaintiff then filed an objection to the Magistrate Judge's report and recommendation taking issue with the determination that there was no material inconsistency between the DOT description and the job description she provided and the alternative determination that Ms. Dragani's attorney had waived this argument by not timely objecting. (ECF No. 21 at 3).

### III. STANDARD OF REVIEW

Upon objection to a magistrate judge's report and recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). This de novo review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ

applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted).

Substantial evidence constitutes "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court would have reached a different conclusion sitting as the tryer of fact. *Elkens v. Sec'y of Health & Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981). The mere fact that substantial evidence to support a different conclusion also exists is not grounds for reversal. *Buxton v. Halter, Comm'r of Soc. Sec.*, 246 F.3d 762, 772 (6th Cir. 2001). A reviewing court has "power to enter, upon pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 505(g).

## IV. ANALYSIS

To succeed on a claim for Social Security benefits, "the claimant bears the burden of proving… that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F. 469, 474 (6th Cir. 2003). A claimant must prove both that she cannot perform the job as actually performed by her in the past, *and* that she cannot perform the job as "generally required by employers throughout the national economy." SSR 82–61 (1982); *see also Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 548 (6th Cir. 2002).

The ALJ determined that Plaintiff could perform her past relevant work both as actually performed and as generally required by employers and that, consequently, she was not disabled. (ECF No. 10 at 42). Plaintiff argues that the ALJ's determination that she could perform her prior work was incorrect because the ALJ relied on testimony by the VE that was inconsistent with Ms. Dragani's statements about her past work, the Dictionary of Occupational Titles ("DOT"), and her Residual Functional Capacity (RFC). (ECF No. 13 at 6–7). Ms. Dragani takes issue with the ALJ's determination that she could perform her work as actually performed and as generally performed in the national economy. (*Id.*).

In the report and recommendation, Judge Vascura determined that although the ALJ had erred by finding that Ms. Dragani could perform her prior work as she actually performed it, the ALJ had appropriately and reasonably determined that Ms. Dragani could perform her prior work "as generally performed in the national economy." (ECF No. 20 at 12). Judge Vascura concluded that because a claimant must prove both, the ALJ's error as to Ms. Dragani's actual past work was harmless. *Id*. Ms. Dragani only objects to Judge Vascura's determination that she could perform her past work "as generally performed in the national economy." (ECF No. 21 at 2).

Social Security regulations provide guidance to ALJs for determining whether the claimant has met their burden of proving that they cannot perform their past work. In making this determination, ALJs may consult a variety of sources, including the testimony of the claimant and those familiar with her work. 20 C.F.R. § 404.1560(b)(2). ALJs may also consult the DOT and solicit the testimony of a VE. *Id*.

VEs can testify about "the physical and mental demands of a claimant's past work, either as . . . actually performed [or] as generally performed in the national economy." *Id.* They can also testify about the claimant's present ability to perform that work. *Id*. ALJs are not required to

consult VEs, but if they do, "the Social Security Administration imposes an affirmative duty on ALJs to ask VEs if the evidence that they have provided 'conflicts with the information provided in the DOT.'" *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009) (quoting SSR 00-4p (2000)). If a VE's testimony conflicts with the DOT, the ALJ can still rely on it if they "elicit a reasonable explanation for the conflict" first. SSR 00-4p, at *2. If a VE's testimony is consistent with the DOT, or the inconsistency can be resolved to justify relying on the testimony, then a VE's testimony on its own can constitute substantial evidence to support the ALJ's conclusion. 20 C.F.R. § 404.1560(b)(2).

In this case, the ALJ relied on the VE's testimony to determine that there was substantial evidence that Plaintiff could still perform her past work as is generally required in the national economy. (ECF No. 10 at 42). Plaintiff argues that the VE's testimony could not constitute substantial evidence because it was not consistent with the DOT, and the ALJ did not resolve this conflict. (ECF No. 21 at 2–3).

First, the VE's position description and the DOT description do not have to match precisely to be consistent. As the Sixth Circuit has explained, it should not be surprising if a VE's position description "does not align perfectly with the DOT's listed occupational titles . . . given that '[t]he DOT contains information about most, but not *all* occupations.'" *Lindsley*, 560 F.3d at 605 (quoting SSR 00–4p, at *2). And Social Security regulations state that "a VE . . . may be able to provide more specific information about jobs or occupations than the DOT," suggesting that some level of discrepancy between the VE and the DOT is to be expected. SSR 00–4p, at *3. Plaintiff argues that the DOT provisions that the VE relied on are inconsistent with her past relevant work because the DOT sections included some job duties that she did not have. But as the social security regulation indicates, "[t]he DOT lists *maximum* requirements of occupations," not the exact

6

requirements of an individual's job. *Id.* (emphasis added). It is expected that a plaintiff may not have every responsibility listed in the DOT description, so the fact that the DOT description contained additional responsibilities that Plaintiff's actual position did not require her to do does not indicate the existence of a conflict. *Johnson v. Colvin*, No. 1-12-cv-507, 2013 WL 2456089, at *5 (S.D. Ohio June 6, 2013) (citing *Hall v. Chater*, 109 F.3d 1255, 1259 (5th Cir. 1997); *French v. Astrue*, No. 2:080-cv-15, 2009 WL 151525 (E.D. Ky. Jan. 20, 2009)).

Second, even if there was a material inconsistency, the ALJ's reliance on the VE's testimony was still appropriate. As explained above, ALJs have "an affirmative duty . . . to ask VEs if their testimony 'conflicts with the information provided in the DOT.'" *Lindsley*, 560 F.3d at 606 (quoting SSR 00-4p, at *4). But this is all they are required to do to weed out conflicts. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 858 (6th Cir. 2010) (determining that ALJ properly relied on VE's testimony and had satisfied obligation of inquiring "if the VE's testimony was consistent with the DOT and was given a response in the affirmative"). If the ALJ asks the VE whether their testimony is consistent with the DOT and the VE answers in the affirmative, then "the ALJ [has] met [his] obligation under SSR 00-4p . . . and there [is] no error relying on the position the VE offered." *Id*. The ALJ is under no obligation to conduct an independent investigation into the consistency of the VE's testimony with the DOT. *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006).

Instead, Plaintiff's counsel is responsible for uncovering any conflicts between the DOT and the VE's testimony on cross examination. *Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168 (6th Cir. 2009). If the "attorney had the opportunity, but failed to cross-examine the vocational expert regarding her position that her testimony was consistent with . . . the [DOT] . . . [then] the [VE's] testimony constitute[s] substantial evidence." *Louden v. Comm'r of Soc. Sec.*, 507 F.

App'x 497, 499 (6th Cir. 2012). An ALJ is not required to make a finding to resolve a conflict that the claimant's attorney failed to raise. *Martin*, 170 F. App'x at 374.

In the present case, the ALJ asked the VE whether his opinion was consistent with the DOT and the VE said that it was. (ECF No. 10 at 75). The ALJ was under no obligation to inquire further. It was up to Plaintiff's attorney to expose any inconsistencies on cross-examination, and he did not.

Plaintiff argues that because she raised the alleged inconsistency later, the ALJ still should have resolved it. (ECF No. 21 at 3). On May 29, 2018, after a second hearing, Plaintiff's attorney sent a letter to the ALJ questioning the consistency of the VE's opinion with the DOT and requesting a new hearing with a new VE. (ECF No. 10 at 49–50). Plaintiff believes that this letter was sufficient to satisfy her duty to bring the conflict to the ALJ's attention, so it was error for the ALJ to disregard the letter and not address the conflict in his decision. (*Id.*). But many courts in our circuit, including this one, have determined that, where "Plaintiff could have cross-examined the VE to elicit testimony [on the issue she challenged] . . . but did not, Plaintiff has thus waived her challenge to the testimony. *Jones v. Comm'r of Soc. Sec.*, No. 2:17-CV-1062, 2019 WL 2511111, at *8–9 (S.D. Ohio June 18, 2019), *report and recommendation adopted*, No. 2:17-CV-1062, 2019 WL 3082655 (S.D. Ohio July 12, 2019). Any objections to the VE's testimony must be made "at the administrative hearing," not after. *Dantzer v. Comm'r of Soc. Sec.*, No. 3:09CV2198, 2011 WL 1113458, at *13 (N.D. Ohio Jan. 4, 2011) (citing *Rosic v. Comm'r of Soc. Sec.*, No. 1:09CV1380, 2010 WL 3292964, at *11 (N.D. Ohio Aug. 19, 2010)); *see also West v. Comm'r of Soc. Sec.*, No. 2:11-CV-448, 2012 WL 3151209, at *6 (S.D. Ohio Aug. 2, 2012).

Plaintiff did not raise this alleged inconsistency "at the administrative hearing." She raised it in a letter sent nearly six months after the VE testified at her first hearing, where she failed to

cross examine him. (ECF No. 10 at 45–46, 73–76). Moreover, during the six-month period between her first hearing and sending the letter, Plaintiff had a second hearing. (*Id.* at 47–59). A different VE attended this hearing but did not testify. (*Id.* at 47). In her letter, Plaintiff said that she wanted a new hearing with a new VE, but she had been given exactly that just four days earlier. (*Id.* at 45–47). By failing to cross-examine the VE at the first hearing or request that a different VE's testimony on this issue be heard at the second hearing, Plaintiff waived any objection she may have had to the ALJ's reliance on VE testimony, and the letter she sent does nothing to remedy that mistake. *Slone v. Berryhill*, No. 1:17-cv-00452-SLC, 2018 WL 5729591 at *5 (N.D. Ind. Nov. 1, 2018) ("Had [plaintiff]'s attorney actually questioned the VE's testimony . . . the VE could have said more . . . Claimants may forfeit arguments concerning vocational expert testimony by failing to object to the testimony during the hearing.").

The ALJ was correct to rely on the VE's testimony because it was not inconsistent with the DOT position description. Even if the VE's testimony and the DOT had been inconsistent, with each other or with Plaintiff's past work, for the reasons discussed above, that would not change the outcome of this case. Plaintiff had the opportunity to expose these alleged discrepancies on cross-examination but failed to do so, and the ALJ was under no obligation to make any additional inquiries into the subject on his own. Moreover, Plaintiff failed to take advantage of a second hearing during which a different VE appeared, and where Plaintiff had the opportunity to draw attention to any conflicts that she felt existed. Accordingly, the ALJ made no error in relying on the VE's testimony and the ALJ's decision was supported by substantial evidence in the record.

## V. CONCLUSION

For these reasons, Plaintiff's objections are **OVERRULED**. The Court adopts the Magistrate Judge's **Report and Recommendation.** The decision of the Commissioner is **AFFIRMED**. This case is hereby **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

   /s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 17, 2020**